# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LONNIE D. MORRIS,**

        Petitioner,

v.                                                                                  Civil Action No. 5:10cv45
                                                                                    (Judge Stamp)

**KUMA J. DEBOO, Warden,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

On April 8, 2010, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner paid the required filing fee on April 9, 2010. This case is before the undersigned for an initial review pursuant to LR PL P 83.09, et seq.

### I. The Petition

In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") has failed to comply with its own rules and regulations with regard to computing his security classification score. In support of this claim, the petitioner asserts that the BOP has improperly computed his security classification score by counting a dismissed charge of Aggravated Battery with a Firearm in determining the severity of violence from his criminal history. In addition, he asserts that the BOP has improperly considered a 28 year old AWOL warrant in the calculation of his score. As a result, the petitioner asserts that he is unable to transfer to a facility closer to his home. Therefore, he requests that the improper records be expunged from his file and a transfer to FCI-Oxford.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner does not attack the execution of his sentence. Instead, he complains of the conditions of his confinement, namely, being housed in a medium security facility as a result of the alleged miscalculation of his security classification score. The petitioner's claim is not in any way related to the fact or length of his confinement. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claims as a civil rights action.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver

of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 20, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE